**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **535 TCHOUPITOULAS STREET HOLDINGS, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2566** |
| **WARREN L. REUTHER, JR.** | **SECTION: "S" (4)** |


**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the 525 Tchoupitoulas Street Holdings, L.L.C.'s Motion

for Partial Summary Judgment that Warren L. Reuther, Jr. is personally liable under the terms of his

guaranty (Doc. #14) is **DENIED.**

**BACKGROUND**

AHNO, LLC ("AHNO") owns and operates the Ambassador Hotel in New Orleans,

Louisiana.   The Ambassador Hotel is managed by AHNO Management, Inc. ("AHNO

Management").  On June 16, 2005, Morgan Stanley Mortgage Capital Inc. lent AHNO $13,500,000.

The loan is evidenced by a Promissory Note in favor of Morgan Stanley dated June 16, 2005, which

requires AHNO to make monthly payments of $82,901.81, beginning on August 1, 2005.  The

Promissory Note was signed by defendant Warren L. Reuther, Jr. in his capacity as president of

AHNO Management.  Also, on June 16, 2005, Reuther executed a Mortgage and Security

Agreement in his capacity as president of AHNO Management in which AHNO granted to Morgan

Stanley a mortgage and security interest over any and all of its present and future property, rights,

interests,  and estates, including the movable and immovable property that comprises the

Ambassador Hotel.  Additionally, Reuther signed a Guaranty of Recourse Obligations of Borrower

in which he personally guaranteed all obligations for which AHNO might become personally liable

under Article 11 of the Promissory Note.  Specifically, the Guaranty states in pertinent part:

> 1.    The undersigned, WARREN L. REUTHER, JR., having an address at 535 Tchoupitoulas Street, New Orleans, Louisiana 70130 (hereinafter referred to as "Guarantor"), hereby absolutely and unconditionally guarantees to Lender the prompt and unconditional payment of the Guaranteed Recourse Obligations of Borrower (hereinafter defined).
>
> *          *          *
>
> 4.    The Term "Guaranteed Recourse Obligations of Borrower" as used in this Guaranty shall mean all obligations and liability of Borrower for which Borrower shall be personally liable pursuant to Article 11 of the Note.
>
> *          *          *

Article 11, subsection (a) of the Promissory Note provides that it is a "non-recourse"

obligation, meaning that AHNO and certain persons or entities associated with it are not personally

liability for the indebtedness, and the lender's sole recourse upon AHNO's default is against the

property securing the note.  However, Article 11, subsection (c) includes a "recourse provision"

which provides in pertinent part:

> Notwithstanding the foregoing, the agreement of Lender not to pursue recourse liability as set forth in subsection (a) above, SHALL BECOME NULL AND VOID and shall be of no further force and effect and the Debt shall be fully recourse to Borrower in the event that: . . .  (ii) Borrower fails to provide financial information to Lender as required by Section 3.12 of the Security Instrument or fails to comply with any provision of Section 4.2 of the Security Instrument; . . . (v) any affiliate, officer director or representative which controls Borrower, directly or indirectly, files, or joins in the

filing of, an involuntary petition against Borrower under the U.S. Bankruptcy Code . . . or solicits or causes to be solicited petitioning creditors for any involuntary petition against AHNO from any person or entity.

Section 4.2 of the Mortgage, which is the Security Instrument referred to in Article 11 subsection (c) of the Promissory Note, contains single purpose entity provisions with which AHNO was required to comply to maintain the "non-recourse" status of the Promissory Note.  Section 4.2 provides in pertinent part:

> Single Purpose Entity.  It has not since the date of its formation and shall not and agrees that its general partners(s), if Borrower is a partnership, or its managing member(s), if Borrower is a limited liability company (in each case, "Principal"), has not since the date of its formation and shall not:
>
> *       *       *
>
> (i)     with respect to Borrower, incur any debt, secured or unsecured, direct or contingent (including guaranteeing any obligation), other than the Debt, except for trade payables in the ordinary course of its business of owning and operating the Property, provided that such debt is not evidenced by a note and is paid when due and, with respect to Principal, incur any debt secured or unsecured, direct or contingent (including guaranteeing any obligations), except for trade payables in the ordinary course of its business of owning an interest in Borrower and serving as a manager of Borrower, provided that such debt is not evidenced by a note and is paid when due;
>
> *       *       *
>
> (p)     make any loans or advances to any third party, including any member, general partner, principal or affiliate of Borrower, or of Principal, as the case may be, or any member, general partner, principal or affiliate thereof, nor buy or hold evidence of indebtedness issued by any other person or entity (other than case or investment grade securities);

3

\*       \*       \*

On September 7, 2005, Morgan Stanley assigned its rights in the Promissory Note, Mortgage, and Guaranty to LaSalle Bank National Association, as Trustee for the Morgan Stanley Capital I, Inc., Commercial Pass-Through Certificates, Series 2005-HQ6.  Thereafter, Bank of America, N.A. succeeded LaSalle as trustee by merger.  On February 17, 2010, Bank of America, as trustee, assigned all rights in the Promissory Note, Mortgage, and Guaranty to plaintiff 535 Tchoupitoulas Street Holdings, L.L.C. ("TSH").

AHNO has not made any payments on the Promissory Note since August 1, 2009.  On February 23, 2010, TSH filed a foreclosure action in the Civil District Court for the Parish of Orleans, State of Louisiana to enforce the Promissory Note and Mortgage. Thereafter, four of AHNO's unsecured creditors filed an involuntary petition for bankruptcy against AHNO in the United States Bankruptcy Court for the Eastern District of Louisiana, and the foreclosure action was stayed.

On August 6, 2010, TSH filed this suit against Reuther seeking to enforce the Guaranty. TSH alleges that AHNO breached provisions of Section 4.2 of the Mortgage, the single purpose entity clause, which triggered the recourse liability under the Promissory Note and Reuther's Guaranty.  TSH seeks to collect the outstanding principal of the loan, and all accrued and unpaid interest, from Reuther pursuant to the Guaranty.

TSH filed a motion for summary judgment in which it argues that there is no genuine issue of material fact that AHNO breached the single purpose entity clause by incurring trade debt that was not paid when it was due.  As of March 5, 2010, a schedule of AHNO's aged payables shows

that many trade creditors were owed amounts that were more than 90 days past due, including, Compucast, DA Exterminating, Destination Management, Flower Basket, Ltd., Greater New Orleans Hotel & Lodging Association, Guillot Sanitary Supply, Halpern & Martin, Home Depot, Louisiana Office Products; Mark Kelley, and River Parish Disposal.  TSH also argues that there are no genuine issues of material fact that AHNO breached the single purpose entity clause by making a loan to an affiliated hotel.  At his deposition, Reuther testified that AHNO lent approximately $50,000 to Metairie Hotel, LLC, a company that he managed and co-owned.

Reuther admits to these facts, but argues that the breaches of the single purpose entity clause were not material, and should not trigger the recourse provision of Promissory Note and his Guaranty.  He argues that the factors listed in Section 4.2 of the Mortgage are similar to those used by courts to determine whether a corporation has become the alter ego of its shareholders, and that this court should weight the totality of the circumstances to determine whether the breaches were material.  He contends that the trade debts were not a material breach because incurring those debts allowed AHNO to continue making payments on the Promissory Note.   He argues that the trade debts were not late, but rather that he established extended payment plans with the vendors.  Also, he argues that the loan to Metairie Hotel was immaterial because it was for an inconsequential amount of money that did not affect AHNO's ability to make payments on the Promissory Note.  Further, Reuther argues that TSH waived its right to enforce the Guaranty with respect to the trade debts because it knew AHNO had negotiated agreements with the trade creditors to pay the bills over time, and that the loan documents violate the Louisiana Unfair Trade Practices Act.

## ANALYSIS

### A.      Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B.      Contract Interpretation

The Promissory Note, the Mortgage, and the Guaranty all provide that they are governed, construed, applied, and enforced in accordance with the laws of the state in which the property that is the subject of the documents is located.  The relevant property is the Ambassador Hotel, which is in Louisiana.  Therefore, Louisiana law applies.

The interpretation of an unambiguous contract is an issue of law for the court. Amoco Prod. Co. v. Texas Meridian Resources Exploration Inc., 180 F.3d 664, 668 (5th Cir. 1999).  Interpreting

a contract is determining the common intent of the parties. LA. CIV. CODE art. 2045. "Such intent

is to be determined in accordance with the plain, ordinary, and popular sense of the language used,

and by construing the entirety of the document on a practical, reasonable and fair basis." Amitech

U.S.A., Ltd. v. Nottingham Const. Co., 57 So.3d 1043, 1057-58 (La. Ct. App. 2010).  Further,

"[i]ntent is an issue of fact which is to be inferred from all of the surrounding circumstances." Id.

(citing Freeport-McMoRan, Inc. v. Transcontinental Gas Pipe Line Corp., 924 So.2d 207, 213 (La.

Ct. App. 2005), writ denied, 925 So.2d 1256 (La. 2006)).

"When the words of a contract are clear and explicit and lead to no absurd consequences, no

further interpretation may be made in search of the parties' intent." LA. CIV. CODE art. 2046.  Only

if the court determines that a contract is ambiguous may parol evidence be used to determine the

parties' intent. See McDuffe v. Riverwood Int'l Corp., 660 So.2d 158, 160 (La. Ct. App. 1995)

("[W]hen the terms of a written contract are susceptible to more than one interpretation, or where

there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained

from the language employed, extrinsic evidence is admissible to clarify the ambiguity or show the

parties' intent."). "In addition, a contract provision is not ambiguous where only one of two

competing interpretations is reasonable or merely because one party can create a dispute in

hindsight." Texas E. Transmission Corp. v. Amerada Hess Corp., 145 F.3d 737, 741 (5th Cir. 1998).

Each provision of a contract must be interpreted in light of the other provisions "so that each is given

the meaning suggested by the contract as a whole." LA. CIV. CODE art. 2050.  Further, "[a]s a general

rule of contract law, separate documents may be incorporated into a contract by attachment or

reference thereto." <u>Russellville Steel Co., Inc. v. A & R Excavating, Inc.</u>, 624 So.2d 11, 13 (La. Ct. App. 1993) (citing <u>Action Finance Corp. v. Nichols</u>, 180 So.2d 81 (La. Ct. App. 1965)).

The Promissory Note, the Mortgage, and the Guaranty, when read together, provide that Reuther becomes personally liable for the Promissory Note when AHNO breaches one of the single purpose entity clauses found in Section 4.2 of the Mortgage. Section 4.2 of the Mortgage mandates that AHNO must pay trade debts when they are due, and that AHNO cannot make loans or advances to any third party.

TSH contends that it is entitled to summary judgment because AHNO incurred trade debts that were not paid timely. However, Reuther argues that the trade debts were not untimely paid, but rather that he negotiated agreements with the vendors that permitted AHNO to pay the debts over time. Therefore, there are disputed issue of material fact that preclude summary judgment on whether AHNO breached the single purpose entity clause in this manner.

TSH also argues that AHNO breached Section 4.2 of the Mortgage by making a loan to an affiliated hotel. Reuther argues that AHNO's loan to an affiliated hotel was immaterial because it was for an insubstantial amount of money and has been repaid. The materiality of a breach is a question of fact. <u>See</u> <u>Austin v. Parker</u>, 672 F.2d 508, 517 n. 12 (5th Cir. 1982). Therefore, TSH is not entitled to summary judgment.[1]

---

[1] Reuther argues that the Promissory Note, Mortgage, and Guaranty cannot be enforced as they are written because Morgan Stanley violated the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statues § 51:1405, <u>et</u> <u>seq.</u>, by marketing the Promissory Note as a non-recourse obligation, when in fact it was a recourse obligation. However, the documents specify the circumstances under which the Promissory Note becomes a full recourse obligation. Also, LUTPA provides a private right of action for any person harmed by the unfair or deceptive method, act, or practice of another person. LA. REV. STAT. § 51:1409(A). It does not provide a defense to the enforcement of a contract.

## CONCLUSION

**IT IS HEREBY ORDERED** that the 525 Tchoupitoulas Street Holdings, L.L.C.'s Motion

for Partial Summary Judgment that Warren L. Reuther, Jr. is personally liable under the terms of his

guaranty (Doc. #14) is **DENIED.**

New Orleans, Louisiana, this ___19th___ day of July, 2011.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**